CSD 1160 [03/01/15]

Name, Address, Telephone No. & I.D. No.

Everett G. Barry, Jr./CSB #053119
Kelly Ann Tran/CSB #254476
Christopher B. Ghio/CSB #259094
Mulvaney Barry Beatty Linn & Mayers LLP
401 West A Street, 17th Floor
San Diego, CA 92101
619-238-1010
619-238-1981

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

ROBERT M. EHNOW and COLETTE K. EHNOW,

Debtor.

BANKRUPTCY NO. 16-05122-LA11

BANK OF SOUTHERN CALIFORNIA, N.A., a national banking association, formerly known as FIRST BUSINESS BANK, N.A., a national-banking association,

Moving Party

RS NO. MBB-1

ROBERT M. EHNOW and COLETTE K. EHNOW,

Respondent(s)

## MOTION FOR RELIEF FROM AUTOMATIC STAY
☒  **REAL PROPERTY**    ☐  **PERSONAL PROPERTY**

Movant in the above-captioned matter moves this Court for an Order granting relief from the automatic stay on the grounds set forth below.

1.    A Petition under Chapter    ☐ 7    ☒ 11    ☐ 12    ☐ 13 was filed on 08/23/2016          .

2.    Procedural Status:
   a.    ☐    Name of Trustee Appointed *(if any):*

   b.    ☐    Name of Attorney of Record for Trustee *(if any):*

   c.    ☐    *(Optional)* Prior Filing Information:
          Debtor has previously filed a Bankruptcy Petition on: _____
          If applicable, the prior case was dismissed on: _____

   d.    ☐    *(If Chapter 13 case):* Chapter 13 Plan was confirmed on _____ or a confirmation hearing
          is set for _____.

Movant alleges the following in support of its Motion:

1.    ☒    The following real property is the subject of this Motion:
   a.    Street address of the property including county and state:
          701 Kettner Blvd., Unit 124, San Diego, CA 92101 (County of San Diego, State of California)

   b.    Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium,
          unimproved):
          Condominium

   c.    Legal description of property is attached as Exhibit A.

CSD 1160

American LegalNet, Inc.
www.FormsWorkFlow.com

CSD 1160 (Page 2) [03\01\15]

d.   If a chapter 11 or 13 case and if non-payment of any post-petition payment is a ground for relief, attach the accounting required by Local Bankruptcy Rule 4001-2(a) as Exhibit B.

e.   *Fair market value of property as set forth in the Debtor's schedules: $ 566,410.00 _____.

f.   *Nature of Debtor's interest in the property:
     Community Property.

2.   ☐   The following personal property is the subject of this Motion *(describe property)*:

a.   Fair market value of property as set forth in the Debtor's schedules: $ _____.

b.   Nature of Debtor's interest in the property:

3.   *Fair market value of property according to Movant: $ 566,410.00[1] _____.

4.   *Nature of Movant's interest in the property: Second Trust Deed holder

5.   *Status of Movant's loan:
     a.   Balance owing on date of Order for Relief:          $357,709.13
     b.   Amount of monthly payment:                          $All due and payable
     c.   Date of last payment:                               05/31/2011
     d.   If real property,
          i.    Date of default:                              07/01/2011
          ii.   Notice of Default recorded on:                06/10/2016
          iii.  Notice of Sale published on:                  None
          iv.   Foreclosure sale currently scheduled for:     None
     e.   If personal property,
          i.    Pre-petition default:     $ _____      No. of months: _____
          ii.   Post-petition default:    $ _____      No. of months: _____

6.   *(If Chapter 13 Case, state the following:)*
     a.   Date of post-petition default:                      _____
     b.   Amount of post-petition default:        $ _____

7.   Encumbrances:
     a.   Voluntary encumbrances on the property listed in the Schedules or otherwise known to Movant:

| Lender Name | Principal Balance | (IF KNOWN) Pre-Petition Arrearages Total Amount - # of Months | | Post-Petition Arrearages Total Amount - # of Months | |
|---|---|---|---|---|---|
| 1st: Bank of America Home Mortgage | $429,555.25 | Unknown | | Unknown | |
| 2nd: Movant | $357,709.13 | All due | | All due | |
| 3rd: Financial Litigation Office | $759,000.00 | Unknown | | Unknown | |
| 4th: | | | | | |
| Totals for all Liens: | $ 1,546,264.38 | $ | | $ | |

b.   Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens) as listed in schedules or otherwise known to Movant:
     ☐   See attached page, if necessary.

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a).

_____

[1] For purposes of this Motion, Bank adopts the Debtors' scheduled property value, however, the Bank reserves its right to provide its own evidence of value.

CSD 1160

American LegalNet, Inc.
www.FormsWorkFlow.com

CSD 1160 (Page 3) [03\01\15]

8.    Relief from the automatic stay should be granted because:

a.    ☒    Movant's interest in the property described above is not adequately protected.

b.    ☒    Debtor has no equity in the ☒ real property   ☐ personal property described above and this property is not necessary to an effective reorganization.

c.    ☐    The property is "single asset real estate", as defined in 11 U.S.C. § 101(51B), and 90 days (or _____ days as ordered by this court) have passed since entry of the order for relief in this case, and

i.    the Debtor/Trustee has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; and

ii.    the Debtor/Trustee has

(1)    ☐    not commenced monthly payments to each creditor whose claim is secured by the property (other than a claim secured by a judgment lien or by an unmatured statutory lien), or

(2)    ☐    commenced payments, but such payments are less than an amount equal to interest at a current fair market rate on the value of each creditors' interest in the property.

d.    ☐    *Other cause exists as follows (specify):   ☐  See attached page.

When required, Movant has filed separate Declarations pursuant to Local Bankruptcy Rule 4001-2(a).

Movant attaches the following:

1.    ☐    Other relevant evidence:

2.    ☐    (Optional) Memorandum of points and authorities upon which the moving party will rely.

WHEREFORE, Movant prays that this Court issue an Order granting the following:

☒    Relief as requested.

☒    Other:
       Waive of Stay under Federal Rule of Bankruptcy Procedure 4001(a)(3).

Dated: September 1, 2016

                                      /s/ Kelly Ann Tran
                                      [Attorney for] Movant
                                      BANK OF SOUTHERN CALIFORNIA, N.A., a national banking
                                      association, formerly known as FIRST BUSINESS BANK, N.A., a
                                      national-banking association

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a). CSD 1160

CSD 1160

American LegalNet, Inc.
www.FormsWorkFlow.com

*13*

**10697**

## LEGAL DESCRIPTION

**The land referred to herein is situated in the State of California, County of San Diego, and described as follows:**

A CONDOMINIUM COMPRISED OF:

INTEREST 1:

An undivided .0088 interest as tenant in common in and to Parcel 2 of Parcel Map No. 10732, in the City of San Diego, County of San Diego, State of California, filed in the Office of the County Recorder of San Diego County November 24, 1980.

EXCEPTING THEREFROM the following:

(A) All Living Units shown upon the Park Row Phase II Amended Condominium Plan recorded in the Office of the County Recorder of San Diego County, California, on September 17, 1982 as File No. 82-289583 of Official Records.

(B) The exclusive right to possession and use of all those area shown upon the Condominium Plan referred to above, designated as Decks, Patios, Storage Areas, Parking Spaces and Potshelves.

INTEREST 2:

Living Unit No. 124, as shown upon the Condominium Plan referred to above.

INTEREST 3:

The exclusive right to use, possession and occupancy of those portions of Parcel 2 described in Interest 1 above, which are appurtenant to the Living Unit described in Interest 2 above, as more particularly designated on the Condominium Plan referred to above as "Exclusive Use Area", which right is appurtenant to Interests 1 and 2 above described.

INTEREST 4:

A non-exclusive easement for ingress and egress and recreational use on, over and under the Common Area of Parcel 1, according to Parcel Map No. 10732, filed in the Office of the County Recorder of San Diego County, California, on November 24, 1980, which easement is appurtenant to Interests 1, 2 and 3 described above. The Common Area referred to herein is Parcel 1 according to said Parcel Map No. 10732, filed in the Office of the County Recorder of San Diego County, EXCEPTING THEREFROM any Residential Buildings thereon and any portion which may be designated as an Exclusive Use Area.

(End of Legal Description)

File Number: 32018